Henry Epstein, J.
In this article 78 proceeding, petitioner seeks review of a determination of the Superintendent of Banks denying it a license as a sales finance company under article XI-B of the Banking Law. Said determination was based on the findings that petitioner violated the Banking Law by previously operating as a sales finance company without a license, and also violated the Personal Property Law by acquiring retail installment contracts containing assignments of wages and excessive credit service charges. The term “ sales finance company” is defined in the Banking Law as one engaged ‘ * in the business of purchasing or otherwise acquiring retail instalment contracts # * * made by and between other parties, or any interest therein ” (§ 491, subd. 7). Specifically excluded are pledges of an aggregate number of contracts to secure a bona fide loan. Petitioner contends that it comes within the purview of this exclusion and that, in any event, it was not in violation of the above-mentioned laws since the contracts involved merely ‘ ‘ replaced ’ ’ several defunct contracts acquired prior to the effective date of the licensing statute.
Petitioner’s explanations are completely untenable. Several times at the hearing below its president and sole stockholder referred to the fact that petitioner’s business was the purchase of retail credit paper. He cannot now in this proceeding overturn administrative findings merely by recharacterizing his activities without showing any rational basis therefor. Also, the fact that the contracts involved might have replaced previous “ bad ” contracts pursuant to petitioner’s agreements with certain retail dealers is of no import, since the statute specifically makes any unlicensed acquisition of such contracts a violation after a specific date (Banking Law, § 492, subd. 1; § 491, subd. 7). Moreover, it is uncontradicted that the contracts herein violated the Personal Property Law in that they contained excessive credit service charges (§ 404). (Respondent’s further finding that the wage assignment provisions of the contracts violated § 403, subd. 3, par. [c] of the Personal Property Law must be *35 rejected because said section did not become effective until a date subsequent to the date of these contracts.)
In view of the fact that the record herein discloses substantial evidence to support respondent’s finding, the petition herein must be dismissed (Banking Law, § 493, subd. 1, par. [a]).